#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRISTIAN IOSZPE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-98-SLP |
| UNIFIN, INC., | ) ) ) |
| Defendant. | ) ) |

#### **O R D E R**

Before the Court is Defendant Unifin, Inc.'s Motion to Dismiss [Doc. No. 8].[1] Plaintiff has filed a Response [Doc. No. 14] and the Motion is at issue. Unifin did not file a reply. For the reasons that follow, Unifin's Motion is GRANTED.

**I.    Background**

Plaintiff Critstian Ioszpe, proceeding pro se, filed this action in state court alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; the Oklahoma Telephone Solicitation Act ("OTSA"), Okla. Stat. tit. 15, § 775C *et seq.*; and a state-law claim for invasion of privacy based on intrusion upon seclusion. Defendant Unifin, Inc. removed the case to this Court and subsequently filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

II.     **Factual Allegations in the Complaint**[2]

Unifin, Inc. is "an Accounts Receivable Management (Debt Collector) Co." with its principal place of business in Niles, Illinois. *Id*. ¶ 5. Unifin placed four calls to Plaintiff on October 11, October 23, October 28, and November 18, 2024, using different numbers with the area code "405." *Id.* ¶¶ 8–9. Plaintiff believes Unifin used an auto-dialer to "spoof" the caller IDs. *Id.* ¶¶ 8–9, 64–66. The calls were made without Plaintiff's consent, lacked caller ID information or the ability to opt out while "waiting for the next available agent," and originated from numbers beginning with the same area code as Plaintiff's number. *Id.* ¶¶ 10–12. Lastly, Plaintiff asserts, in conclusory fashion, that "venue is proper in this District under 28 U.S.C. § 1391(b), 1395(a), 47 U.S.C. § 227(g)(4), and 15 U.S.C. § 6103(e)" because "a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this District." *Id.* ¶ 3. Plaintiff resides in Tallahassee, Florida. *See id.* at p. 14.

III.    **Standards of Review**

At the outset, the Court is mindful of Plaintiff's pro se status, which entitles him to a liberal construction of his pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But even so, the Court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214

---

[2] The Court accepts all well pleaded factual allegations in the Complaint as true and views them in the light most favorable to Plaintiff as the nonmoving party. *See Farmer v. Kansas State Univ.*, 918 F.3d 1094, 1102 (10th Cir. 2019).

(10th Cir. 2011).  Furthermore, a pro se litigant must "follow the same rules of procedure that govern other litigants."  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  And the Court will not assume the role of advocate on behalf of a pro se litigant.  *See Kincaid v. Unified Sch. Dist. No. 500*, 94 F.4th 936, 947 (10th Cir. 2024).

### A.  12(b)(2) Standard

Plaintiff has the burden of establishing personal jurisdiction.  *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).  If a Rule 12(b)(2) motion is decided without an evidentiary hearing on the basis of affidavits and written materials, Plaintiff need only make a *prima facie* showing that personal jurisdiction exists.  *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.  In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"  *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  In making this determination, the court resolves all factual disputes in favor of the plaintiff.  *Old Republic*, 877 F.3d at 903; *see also Fisher v. Sw. Bell Tel. Co.*, 361 F. App'x 974, 977 (10th Cir. 2010) (to decide a Rule 12(b)(2) motion, the court accepts the plaintiff's allegations as true if uncontroverted by evidence from the defendants, and resolves evidentiary disputes in favor of jurisdiction).

### B. 12(b)(3) Standard

When evaluating a motion to dismiss for improper venue, "'the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352, at 324 (3d ed. 2004)). "[A] plaintiff may rest on the well-pled facts in the complaint to oppose a motion to dismiss for improper venue, but 'only to the extent that such facts are uncontroverted by defendant's' evidence." *Id.* at 1260 (quoting *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998)). The Court generally "may consider evidence outside the complaint such as a defendant's affidavits" without converting the Rule 12(b)(3) motion to one for summary judgment. *Cox v. Mobilex USA*, No. CIV-16-6-M, 2016 WL 4920185 (W.D. Okla. Aug. 16, 2016), *report and recommendation adopted,* No. CIV-16-6-M, 2016 WL 4916847 (W.D. Okla. Sept. 14, 2016), at *2; *accord Pierce*, 137 F.3d at 1192 (affirming a Rule 12(b)(3) dismissal where the defendant presented affidavit evidence that controverted each of the statutory bases for venue and the plaintiff failed to present any evidence in response).

### C. 12(b)(6) Standard

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). While the complaint need not contain "detailed factual allegations," it must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to avoid dismissal. *Twombly*, 550 U.S. at 555. The Court accepts all well-pleaded allegations as true, views those allegations in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).

### IV. Discussion

#### A. Personal Jurisdiction and Venue

Unifin asserts Plaintiff "fails to plead any facts supporting venue in Oklahoma or personal jurisdiction over Unifin in Oklahoma." Mot. [Doc. No. 8] at 1. Specifically, Unifin argues that the Petition "lacks any factual allegation Unifin has created any connection with Oklahoma or conducted business in Oklahoma." *Id.* at 6. The Court agrees.

In response, Plaintiff alleges that he "received the first call (October 11) in Oklahoma City, where [he] had just gotten a new 405 number."[3] Resp. [Doc. No. 14] at 2. The Response further explains "[t]he later calls (October 23, October 28, and November 18) reached [him] in Florida, continuing the patterns of spoofed 405 numbers." *Id.* Although such allegations, if included in an amended complaint or supported by affidavit,

---

[3] The Court takes judicial notice that the area code (405) serves Oklahoma. *See, e.g., Guadnola v. Hawaii Dep't of Educ.*, No. CIV-19-1114-G, 2021 WL 1093099, at *3, n.3 (W.D. Okla. Mar. 22, 2021).

could bear on the jurisdictional inquiry, they are not in the Petition before the Court and cannot be considered when raised for the first time in a brief. *OMI Holdings*, 149 F.3d at 1091; *Cox*, 2016 WL 4920185, at *2.

As pled, the Petition contains no factual allegations regarding where Plaintiff was when he received the calls, whether Unifin had knowledge of his location or state of residency, whether other Oklahoma residents received similar calls, or any other factual detail that connects Unifin or its conduct as directed to Oklahoma or establishes that a substantial part of the events took place in the Western District of Oklahoma. Further, neither party meaningfully addresses the convenience or propriety of transferring to another venue, and the Court declines to consider those undeveloped arguments at this time.[4] *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (finding that inadequately framed or undeveloped arguments are insufficient to invoke review).

Plaintiff argues personal jurisdiction and venue are established due to his allegations that he had a 405 area code and received four calls from numbers with a 405 area code. Resp. [Doc. No. 14] at 2–3. However, Plaintiff's reliance on the venue provisions in 15 U.S.C. § 1692i and 47 U.S.C. § 227(g)(4) are misplaced, *see id.* at 3, as those statutes govern actions brought by debt collectors to enforce consumer debts and enforcement actions brought by state attorneys general, respectively, and do not apply to a private consumer action such as this one. Further, "there is a split on the issue of whether a single

---

[4] *See* Dft.'s Mot. [Doc. No. 8] at 8 (devoting two sentences to suggest transferring to Northern District of Illinois would be proper); Pl.'s Resp. [Doc. No. 14] at 3 (stating only that a transfer "burdens" Plaintiff "more" than Unifin with no explanation or analysis).

6

communication giving rise to a FDCPA claim is sufficient to establish personal jurisdiction over a nonresident debt collector . . . ." *Grice v. VIM Holdings Grp., LLC*, 280 F. Supp. 3d 258, 272 (D. Mass. 2017) (gathering cases). Given that Plaintiff's sole factual allegation pertaining to Oklahoma is that Unifin called a 405 number four times—only one of which was apparently received in Oklahoma—the Court finds that this, alone, is insufficient to establish whether Unifin purposefully directed its conduct towards Oklahoma. Dismissal is proper under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3).

### B. Failure to State a Claim

#### 1. *Fair Debt Collection Practices Act*

To state a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, a plaintiff must prove four elements: "(1) the plaintiff is a 'consumer' under *id.* § 1692a(3); (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector under *id.* § 1692a(6); and (4) through its acts or omissions, the defendant violated the FDCPA." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022). Unifin asserts that Plaintiff failed to state a claim under the FDCPA because Plaintiff failed to allege that he was the object of collection activity, that the collection activity is in connection with the collection of a consumer debt, and that Unifin violated the FDCPA. Mot. [Doc. No. 8] at 9.

The Court agrees that Plaintiff failed to state an FDCPA claim. Specifically, Plaintiff fails to set forth any allegations that support he is a "consumer" with a "debt" as contemplated by the Act. *See* 15 U.S.C. § 1692a(3) ("The term 'consumer' means any

natural person obligated or allegedly obligated to pay any debt."). Further, Plaintiff's minimal factual allegations do not plausibly allege violations of a number of the FDCPA provisions cited in his Petition. For example, the Petition does not contain a single allegation that Unifin's agents spoke to an individual aside from Plaintiff to attempt to ascertain Plaintiff's location. Thus, Plaintiff has not sufficiently pled a violation of § 1692b, which addresses situations where a "debt collector communicat[es] with any person other than the consumer for the purpose of acquiring location information about the consumer." *Id.* Relatedly, there are no factual allegations that Unifin's four calls occurred at obviously inconvenient times or places (a violation of § 1692c), and the mere fact that a debt collection call may be unwanted does not render it inconvenient such that it violates the FDCPA. *See Ator v. Performant Recovery, Inc.*, No. 1:19-CV-02329-SKC, 2020 WL 13442029, at *3 (D. Colo. Oct. 1, 2020) ("Plaintiff apparently interprets this section to mean any unwanted debt calls are inconvenient and violate the Act. This interpretation, however, is not supported by the statute."); *Saunders v. NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 470 (E.D.N.Y. 2012) (explaining the provision "focuses on the disregard of a known or obvious time or place restriction—like calling someone at midnight."). Because Plaintiff has not alleged that he is a consumer with a qualifying debt or that Unifin engaged in conduct prohibited by the FDCPA, the claim must be dismissed for failure to state a claim.

### 2. *Telephone Consumer Protection Act*

Plaintiff asserts violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). Pet. [Doc. No. 1-3] ¶¶ 56-57. "To state a cause of action under the

TCPA, a plaintiff must allege (1) that the defendant called the plaintiff's cellular telephone (2) using an [automatic telephone dialing system] or an artificial or prerecorded voice (3) without the plaintiff's prior express consent." *Asher v. Quicken Loans, Inc.*, No. 2:17-CV-1203, 2019 WL 131854, at *1 (D. Utah Jan. 8, 2019). "[T]he FCC has previously ruled that debt collection calls are subject to the TCPA, and that debt collectors are not exempt from TCPA's prohibitions." *Bush v. Mid Continent Credit Servs., Inc.*, No. CIV-15-112-L, 2015 WL 5081688, at *3 (W.D. Okla. July 28, 2015) (citing *Swope v. Credit Mgmt., LP*, No. 4:12CV832 CDP, 2013 WL 607830 (E.D. Mo. Feb. 19, 2013).

Unifin argues that Plaintiff fails to adequately plead the second element, as Plaintiff's allegation regarding the use of an "auto-dialer" is "not enough" to state a TCPA claim. [Doc. No. 8] at 10. Specifically, Unifin takes issue with Plaintiff alleging "upon information and belief" that Unifin used an auto-dialer and argues that Plaintiff needed to plead "more" to "support an inference that the calls were placed with an artificial or prerecorded voice." *Id.* at 11–12.

Plaintiff, however, did plead "more" than a bare recitation of an auto-dialer. The Petition alleges Unifin used "an auto-dialer" to place four calls to Plaintiff's number without consent. *Id.* ¶¶ 8–10. It further alleges that the calls "lacked Caller ID identification information and/or ability to opt out while waiting for the next available agent." *Id.* ¶ 11. As alleged, the Court can infer that Plaintiff received a call, answered, had to "wait for an agent" to join the line, then had to "interact" with the agent to "probe for" Unifin's name and the purpose of the call. *Id.* As bare-bones as it may be, the Court finds that the Petition supports an inference that an auto-dialer was used. *Cunningham v.*

9

*TechStorm, LLC*, No. 3:16-CV-2879-S-BH, 2018 WL 3118400, at *4 (N.D. Tex. May 29, 2018), *report and recommendation adopted,* No. 3:16-CV-2879-S-BH, 2018 WL 3117529 (N.D. Tex. June 25, 2018) (noting that multiple playback errors, a prerecorded message, and dead airtime and clicking before the message was played may support an inference of an ATDS).

Further, as one court aptly noted, "without discovery, [Plaintiff] has no way to learn whether the automated system that called him has the *capacity* to generate random or sequential numbers"[5] and therefore, "[t]he Court can conceive of no other facts reasonably available to [Plaintiff] that would enhance his allegations he received unconsented calls that bore indicia of an automated dialer." *Asher v. Quicken Loans, Inc.*, No. 2:17-CV-1203, 2019 WL 131854, at *3 (D. Utah Jan. 8, 2019). Plaintiff has stated a TCPA claim.

### 3. *Oklahoma Telephone Solicitation Act*

Unifin seeks dismissal of Plaintiff's claims under the Oklahoma Telephone SolicIation Act ("OTSA"), Okla. Stat. tit. 15, § 775C, *et. Seq.*, on the basis that the OTSA only applies to commercial telephone sales calls and not calls for debt collection. Mot. [Doc. No. 8] at 12. The OTSA prohibits a "commercial telephonic sales call" using an automated system where there is no prior express written consent and where the caller attempts to conceal its identity. Okla. Stat. tit. 15, § 775C.3. A "commercial telephone

---

[5] To be certain, the Court is aware of the technical specificities that are required to qualify as an ATDS. *See Facebook, Inc. v. Duguid,* 592 U.S. 395, 399 (2021) ("To qualify as an "automatic telephone dialing system," a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator."). However, at this stage, Plaintiff has just barely alleged sufficient allegations to survive dismissal.

10

solicitation" is a communication "by a commercial telephone seller." Okla. Stat. tit. 15, § 775A.2(2). A "commercial telephone seller" or "seller" means "a person who, in the course of such person's business, vocation or occupation, on the person's own behalf or on behalf of another person, causes or attempts to cause a commercial telephone solicitation to be made." *Id.* § 775A.2(1). Plaintiff does not allege Unifin is a commercial seller or attempted to sell him any good or service covered under the OTSA, and Plaintiff provides no authority in his Response to suggest that the OTSA applies to debt collectors. Thus, Plaintiff has failed to state a claim under the OTSA pursuant to Rule 12(b)(6).

### 4. *Intrusion Upon Seclusion*

Under Oklahoma law, a claim for invasion of privacy related to intrusion upon seclusion requires a plaintiff to show: (1) a nonconsensual intrusion occurred that (2) was highly offensive to the reasonable person. *Gilmore v. Enogex, Inc.*, 878 P.2d 360, 366 (Okla. 1994); *see also Munley v. ISC Fin. House, Inc.*, 584 P.2d 1336, 1339–40 (Okla. 1978) ("One who intentionally intrudes, physically or otherwise ... is subject to liability ...."). "[A]n intrusion occurs when an actor believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1221 (10th Cir. 2003) (analyzing Oklahoma's tort of Intrusion upon Seclusion).

Unifin claims, without any legal support, that the four calls to Plaintiff "clearly is neither intentionally intrusive nor highly offensive" to a reasonable person. Mot. [Doc. No. 8] at 13–14. Unifin fails to cite to any applicable caselaw for this conclusion, and the Court declines to do so on its behalf. *See State v. U.S. Env't Prot. Agency*, 989 F.3d 874,

11

885 (10th Cir. 2021) ("[C]ourts do not sit as self-directed boards of legal inquiry and research." (quoting *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 147 n.10 (2011))); *C.P.C. v. Boulder Valley Sch. Dist. Re-2*, No. 122CV00564RMRSBP, 2023 WL 8831330, at *3 (D. Colo. Dec. 21, 2023) ("The Court is not obligated to perform legal research on behalf of [a party] ... nor will the Court make arguments for [a party] that he himself has not raised."). Here, Plaintiff has adequately pled that he received unwanted "spam calls" from Unifin, which he alleges are highly offensive. Pet. ¶¶ 7, 67-71. As dubious of an assertion as this may be, Unifin has failed to set forth authority showing that this claim fails. This aspect of Unifin's Motion is denied.

### V. Leave to Amend

Plaintiff's Response includes a short request for leave to amend his pleading, should the Court deem dismissal of any claims proper. Resp. [Doc. No. 14] at 4. However, Plaintiff has not filed a formal motion requesting leave to amend. *See Calderon v. Kan. Dep't of Social and Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999) (Generally, "a court need not grant leave to amend when a party fails to file a formal motion."). Nor has Plaintiff complied with this Court's local rule governing amendment pursuant to Rule 15. *See* LCvR 15.1. Under these circumstances, Plaintiff has failed to provide sufficient notice of the basis for amendment. *See Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 52 (10th Cir. 2021) (holding the plaintiff "failed to properly seek leave to amend" where he made "perfunctory, conditional requests in his responses to the motions to dismiss that he be allowed to amend if the court found his allegations deficient"); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("[A]

bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based.").

The Court, therefore, declines to consider whether leave to amend should be granted and will allow Plaintiff an opportunity to file a motion requesting leave to file an amended complaint. If Plaintiff so moves, he must comply with the requirements of LCvR 15.1. Plaintiff is forewarned that failure to comply with the Court's local rules and/or the Federal Rules of Civil Procedure may result in the denial of any such motion. Further, Plaintiff should be mindful of the Court's discussion regarding both the jurisdictional deficiencies as well as the pleading deficiencies as it relates to factual allegations that support the elements of his claims.

**Conclusion**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 8] is GRANTED as set forth above.

IT IS FURTHER ORDERED that Plaintiff may file a Motion for Leave to File an Amended Complaint within 14 days of the date of this Order, or by September 11, 2025. If Plaintiff does not move for leave to file an amended complaint, the Court will enter a judgment of dismissal.

IT IS SO ORDERED this 28th day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE