# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

CRISTIAN IOSZPE,

Plaintiff,

v.

UNIFIN, INC.,

Defendant.

Case No. 5:25-cv-00098-SLP

**FILED**

OCT 08 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## FIRST AMENDED COMPLAINT

Plaintiff Cristian Ioszpe, proceeding pro se, files this First Amended Complaint pursuant to the Court's Order dated August 28, 2025, granting Defendant's Motion to Dismiss with leave to amend. This action alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; and a state-law claim for invasion of privacy based on intrusion upon seclusion. The Fair Debt Collection Practices Act ("FDCPA") and Oklahoma Telephone Solicitation Act ("OTSA") claims are dropped. Plaintiff seeks statutory damages, actual damages, injunctive relief, costs, and any other relief the Court deems proper.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) for the TCPA claim, and supplemental jurisdiction under 28 U.S.C. § 1367 for the state-law privacy claim.

2. Personal jurisdiction exists over Defendant because Defendant purposely availed itself of the privilege of conducting activities in Oklahoma by initiating calls to Plaintiff's Oklahoma-area code (405) cell phone number, using spoofed 405-area code numbers to target Oklahoma residents, with the first call received and causing harm in Oklahoma City, Oklahoma. These actions demonstrate minimum contacts with the forum state, and the claims arise directly from those contacts. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985); Calder

v. Jones, 465 U.S. 783, 789-90 (1984); Intercon, Inc. v. Bell Atl. Internet Sols., Inc., 205 F.3d 1244, 1247 (10th Cir. 2000). Exercising jurisdiction is reasonable given Defendant's directed activities toward Oklahoma.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred here, including the receipt of the first call in Oklahoma City, within the Western District of Oklahoma.

## PARTIES

4. Plaintiff Cristian Ioszpe is an individual residing in Tallahassee, Florida. At the time of the first call, Plaintiff was in Oklahoma City, Oklahoma, where he had recently obtained a new cell phone number with a 405 area code (405-519-5249).

5. Defendant Unifin, Inc. is an Accounts Receivable Management (Debt Collector) Company, incorporated on June 8, 2011, with its principal place of business at 5996 W Touhy Ave #2000, Niles, IL 60714.

## FACTUAL ALLEGATIONS

6. On or about October 11, 2024, while Plaintiff was in Oklahoma City, Oklahoma; Defendant called Plaintiff's cell phone number, 405-519-5249, from the spoofed number (405) 461-8443. Plaintiff had just obtained this new 405-area code number, which had been recycled by the telephone service provider after being disconnected from a previous subscriber.

7. Subsequent calls from Defendant occurred on October 23, 2024, from (405) 461-8455; October 28, 2024, from (405) 461-8446; and November 18, 2024, from (405) 467-9454. These later calls reached Plaintiff in Florida but continued the pattern of spoofed 405-area code numbers.

8. Each call was made using an automatic telephone dialing system ("ATDS"), as evidenced by a noticeable pause or delay (approximately 2-3 seconds) after

Plaintiff answered before a live agent spoke, indicating the call was placed in a queue by automated equipment. The calls also lacked meaningful caller ID information, requiring Plaintiff to investigate to identify Defendant as the caller.

9. The calls were attempts to collect a consumer debt owed by a previous subscriber to the phone number, not Plaintiff. Plaintiff did not owe any debt to Defendant or its clients and never provided express consent for these calls.

10. Defendant spoofed local 405-area code numbers to make the calls appear local to Plaintiff, deceiving him about the caller's identity and origin. This practice targeted Oklahoma residents, as 405 is the area code for Oklahoma City.

11. The phone number 405-519-5249 was reassigned to Plaintiff after being permanently disconnected from the prior subscriber. Defendant failed to verify the status of this reassigned number using readily available compliance tools, such as the FCC's Reassigned Numbers Database (RND), which allows callers to query whether a number has been disconnected and reassigned, providing a safe harbor from TCPA liability if used properly. Defendant also neglected services like LexisNexis Phone Intelligence or Phone Finder, which validate phone numbers for disconnects and reassignments as part of fraud prevention and identity verification processes. Additionally, Defendant did not utilize Somos RealAgent, an authorized interface for accessing the RND to streamline verification of reassigned numbers before placing calls. By failing to use these tools, Defendant willfully shifted the burden of identifying its debtors onto innocent consumers like Plaintiff, leading to unauthorized and harassing calls.

12. A quick search of the Consumer Financial Protection Bureau (CFPB) Consumer Complaint Database shows 265 complaints logged against UNIFIN, INC. were for "Attempts to collect debt not owed" as recently as 08/23/2025 see log ID 15479763. Hundreds others for similar debt collection related issues.



13. These repeated calls without consent disrupted Plaintiff's peace, caused emotional distress including anxiety and frustration from the deceptive spoofing (which mimicked potential local threats), and wasted Plaintiff's time investigating

the caller. The calls were highly offensive to a reasonable person, especially given their frequency over a short period and the lack of any prior relationship.

14. Defendant knew or should have known these practices were illegal, as they violated clear statutory requirements and industry standards for consent and number verification.

## LEGAL CLAIMS

### Count I: Violation of the Telephone Consumer Protection Act (TCPA)

15. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

16. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an ATDS to call Plaintiff's    cell phone without prior express consent.

17. The violations were willful or knowing, as Defendant failed to scrub its call list using the FCC's RND, LexisNexis verification services, or Somos RealAgent, despite knowing the risks of calling reassigned numbers.

18. Plaintiff is entitled to $500 per violation, trebled to $1,500 for willfulness, plus injunctive relief to cease further calls.

### Count II: Invasion of Privacy (Intrusion Upon Seclusion)

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. Defendant's intentional, nonconsensual calls intruded upon Plaintiff's seclusion in a manner highly offensive to a reasonable person, disrupting his solitude and causing distress through repeated, deceptive contacts.

21. Under Oklahoma law, see Gilmore v. Enogex, Inc., 878 P.2d 360, 366 (Okla. 1994), Plaintiff suffered actual damages from emotional harm and is entitled to compensatory damages, punitive damages for willfulness, and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

a. Statutory damages under the TCPA;

b. Actual and punitive damages for invasion of privacy;

c. Injunctive relief enjoining Defendant from further violations;

d. Costs, fees, and any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Cristian Ioszpe

Cristian Ioszpe

203 Lonesome Woods Road

Tallahassee, Florida 32305

405-519-5249

cioszpe@gmail.com

Pro Se

September 7, 2025

OCTOBER 07, 2025