IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CRISTIAN IOSZPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-98-SLP |
| | ) | |
| UNIFIN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Unifin, Inc.'s Motion to Dismiss [Doc. No. 20].[1] Plaintiff filed a Response [Doc. No. 23][2] and Unifin did not file a reply, and the time to do so has expired. For the reasons that follow, Unifin's Motion is DENIED.

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

[2] Plaintiff "submitted" his Response on November 25, 2025, mailing the document to the Clerk of Court and e-mailing the document to this Court's Chambers and opposing counsel. *See* Resp. [Doc. No. 23] at 5. However, documents must be *filed* by the applicable deadlines, not submitted or mailed by the deadline. "Thus, in the case of mailed documents, the filing date is the date on which the documents are actually received by the Clerk of the Court, not the date on which they were mailed." *Baldwin v. Rounds*, CV 04-1206 MCA/KBM, 2005 WL 8163897, at *2 (D.N.M. Apr. 6, 2005) (citations omitted). Further, Plaintiff is advised that pro se litigants may not file electronically, so Plaintiff need not email copies of his filings to the Court, although he may send courtesy copies to opposing counsel. *See ECF Policies & Procedures Manual*, §§ I.A.1 and I.I, available on the Court's website. Due to Plaintiff's pro se status and good-faith effort to comply with deadlines, the Court will consider Plaintiff's untimely submission *for this instance only*. Plaintiff is warned that future filings that are not timely received in the mail by the Clerk of Court will be considered untimely and may not be considered by this Court. *See Baldwin*, 2005 WL 8163897, at *2 ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline.").

I.  **Background**

Plaintiff Cristian Ioszpe, proceeding pro se, is a resident of Tallahassee, Florida. He initiated this action in state court alleging violations of federal and state law arising from telephone calls placed by Defendant, an accounts receivable debt collection agency. Defendant removed the case to this Court and moved to dismiss the original complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). The Court granted dismissal of the complaint but allowed Plaintiff an opportunity to seek leave to amend. Order [Doc. No. 15] at 12–13.

The Amended Complaint narrows the case to two causes of action: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; and (2) invasion of privacy (intrusion upon seclusion) under Oklahoma law. Plaintiff omits his prior claims for violations of the Fair Debt Collection Practices Act and Oklahoma Telephone Solicitation Act. The Amended Complaint also adds new factual allegations directed to personal jurisdiction and venue. Defendant now moves to dismiss under Rules 12(b)(2) and 12(b)(3), arguing that the amended pleading still fails to establish personal jurisdiction or proper venue in this District.

II.  **Standards of Review**

The Court remains mindful that Plaintiff proceeds pro se. His pleadings are entitled to a liberal construction; however, he must nevertheless follow the same rules of procedure that govern other litigants, and the Court will not assume the role of his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A. 12(b)(2) Standard

Plaintiff has the burden of establishing personal jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). If a Rule 12(b)(2) motion is decided without an evidentiary hearing on the basis of affidavits and written materials, Plaintiff need only make a *prima facie* showing that personal jurisdiction exists. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant. In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). In making this determination, the court resolves all factual disputes in favor of the plaintiff. *Old Republic*, 877 F.3d at 903; *see also Fisher v. Sw. Bell Tel. Co.*, 361 F. App'x 974, 977 (10th Cir. 2010) (to decide a Rule 12(b)(2) motion, the court accepts the plaintiff's allegations as true if uncontroverted by evidence from the defendants, and resolves evidentiary disputes in favor of jurisdiction).

### B. 12(b)(3) Standard

When evaluating a motion to dismiss for improper venue, "'the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352, at 324 (3d ed. 2004)). "[A] plaintiff may rest on the well-pled facts in the complaint to oppose a motion to dismiss

for improper venue, but 'only to the extent that such facts are uncontroverted by defendant's' evidence." *Id.* at 1260 (quoting *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998)). The Court generally "may consider evidence outside the complaint such as a defendant's affidavits" without converting the Rule 12(b)(3) motion to one for summary judgment. *Cox v. Mobilex USA*, No. CIV-16-6-M, 2016 WL 4920185 (W.D. Okla. Aug. 16, 2016), *report and recommendation adopted*, No. Civ-16-6-M, 2016 WL 4916847 (W.D. Okla. Sept. 14, 2016) at *2, *accord Pierce*, 137 F.3d at 1192 (affirming a Rule 12(b)(3) dismissal where the defendant presented affidavit evidence that controverted each of the statutory bases for venue and the plaintiff failed to present any evidence in response).

### III.   Discussion

Unifin moves to dismiss the Amended Complaint for lack of personal jurisdiction and improper venue. Unifin asserts that the Amended Complaint, like the original Complaint, rests solely on the allegation that Plaintiff received a single phone call on his cell phone while he was in Oklahoma City, Oklahoma. Mot. [Doc. No. 20] at 5. Unifin argues this is insufficient to confer personal jurisdiction over Unifin. As to venue, Unifin further argues that "[b]ecause only one out of four calls took place in this District, it cannot be said that 'a substantial part of the events or omissions giving rise to the claim occurred . . . in this District." *Id.* at 6. In support of these positions, Unifin relies exclusively on a single sentence from the Court's prior Order. *Id.* In response, Plaintiff argues that Unifin's reliance on this sentence is misplaced given the context of the previous Order and the new allegations in the Amended Complaint. *See* [Doc. No. 23] at 4. The Court agrees.

4

The Court's previous discussion of personal jurisdiction and venue focused on the fact that Plaintiff added new factual allegations in his response brief that were not included in his original Complaint. *See* Order [Doc. No. 15] at 6. In discussing these additional allegations, the Court stated: "Although such allegations, if included in an amended complaint or supported by affidavit, <u>could bear on the jurisdictional inquiry</u>, they are not in the Petition before the Court and cannot be considered when raised for the first time in a brief." *Id.* at 5–6 (emphasis added). The Court also noted, without further analyzing, that at least one district court reviewing a Fair Debt Collection Practices Act claim found "there is a split on the issue of whether a single communication giving rise to a FDCPA claim is sufficient to establish personal jurisdiction over a nonresident debt collector . . . ." *Id.* (citing *Grice v. VIM Holdings Grp., LLC*, 280 F. Supp. 3d 258, 272 (D. Mass. 2017) (gathering cases)). The Court concluded its discussion by finding the sole allegation from the Original Complaint that Unifin called a 405 number four times was, "alone, insufficient to establish whether Unifin purposefully directed its conduct towards Oklahoma." *Id.* at 7.

Unifin now seizes on that latter sentence while ignoring the context of the Court's prior discussion and the additional factual allegations in the Amended Complaint—allegations absent from the original pleading and ones the Court expressly noted could bear on the jurisdictional inquiry if properly pleaded. Compounding the problem, Unifin cites no authority supporting its position and does not engage with *Grice* or the split of authority *Grice* identifies. Unifin also does not cite a single case in support of its argument, nor does

it analyze *Grice* or the split of authority referenced by that court.[3] *See Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970) (noting a party's failure to cite to any relevant authority "suggests that there is no authority to sustain its position or that it expects the court to do its research").

The Amended Complaint includes numerous factual allegations that were absent previously. These include, among others: the acquisition of the 405 number in Oklahoma; receipt of the first call while Plaintiff was physically located in Oklahoma City; Unifin's alleged use of four different spoofed 405 numbers designed to appear local to Oklahoma residents; and allegations that Unifin targeted the 405 area code to increase answer rates in Oklahoma. *See* Am. Compl. [Doc. No. 19] ¶¶ 4, 6–7, 10–14. Unifin offers no authority or meaningful analysis addressing whether these allegations are sufficient to establish minimum contacts.[4] The Court declines to do that work for Unifin. *See State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 885 (10th Cir. 2021) ("[C]ourts do not sit as self-directed boards of legal inquiry and research." (quoting *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 147 n.10 (2011))); *C.P.C. v. Boulder Valley Sch. Dist. Re-2*, No. 122-CV-00564-RMRSBP, 2023 WL 8831330, at *3 (D. Colo. Dec. 21, 2023) ("The Court is not obligated to perform legal research on behalf of [a party] . . . nor will the Court make arguments for [a party] that he himself has not raised."); *West LB AG, New York Branch v.*

---

[3] Notably, Plaintiff did not reassert his FDCPA claim (which was the context of the discussion in *Grice*), so *Grice* would not necessarily be directly applicable to his TCPA claim, regardless.

[4] The Court previously admonished Unifin for failing to provide authority for its positions. *See* Order [Doc. No. 15] at 11 ("Unifin fails to cite to any applicable caselaw for this conclusion, and the Court declines to do so on its behalf.").

*DT Land Development, LLC*, 2010 WL 2867903 at *1 n. 1 (D. Colo. July 21, 2010) ("The court is neither required nor inclined to either make legal arguments for a party or to hunt down legal authority to support its claims.").

Unifin's venue argument fares no better. As Plaintiff correctly argues, the venue statute does not require that a *majority* of the events giving rise to the claim occurred in the District, only a "substantial part of the events." *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165–66 (10th Cir. 2010) ("Under [§ 1391(a)(2)], venue is not limited to the district with the *most* substantial events or omissions . . . [and it] permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts."). Unifin provides no authority suggesting that one-quarter of the alleged statutory violations—particularly where the first call was received in Oklahoma by a person physically present in Oklahoma City—is not "substantial." And again, the Court declines to craft an argument on Unifin's behalf.

In sum, Unifin does not address the allegations in the Amended Complaint, nor does it cite relevant authority to support its legal arguments. Having reviewed the new allegations, the Court finds no basis to dismiss the Amended Complaint under Rule 12(b)(2) or 12(b)(3).

IT IS THEREFORE ORDERED that Defendant Unifin Inc.'s Motion to Dismiss [Doc. No. 20] is DENIED. Unifin shall file an Answer to the Amended Complaint no later than January 20, 2026.

The parties are advised that, by separate order, the Court will set this matter for a scheduling conference.[5]

IT IS SO ORDERED this 5th day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff is advised that conferences typically occur in person. However, the Court is cognizant of Plaintiff's pro se status and out of state residency. Should Plaintiff timely file a motion requesting a remote conference that complies with the applicable rules (including LCvR 7.1), the Court will consider the request. However, Plaintiff should be aware that remote proceedings are rare and generally disfavored.