# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CRISTIAN IOSZPE, §
§
Plaintiff, §
§
v. § Case No. 5:25-cv-00098-SLP
§
UNIFIN, INC., §
§
Defendant. §

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FINAL EXHIBIT LIST

Defendant, Unifin, Inc. ("Unifin"), through counsel and pursuant to Federal Rule of Civil Procedure 26(B) and the Court's Scheduling Order, lodges the following objections to Plaintiff, Cristian Ioszpe's ("Plaintiff"), Final Exhibit List [doc. 37], and respectfully shows the Court as follows:

### A. Objections to All Exhibits

1. Objection 1– Plaintiff's Misrepresentations to the Court in Connection with Obtaining an Extension to File Exhibit List: The Court's Scheduling Order required Plaintiff's Final Exhibit List to be filed by June 15, 2026. [doc. 29.] The Scheduling Order informed the parties:

> **\*The listing of witnesses and exhibits shall separately state those expected to be called or used and those which may be called or used if the need arises. Except for good cause shown, no witness will be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness or exhibit was included in the party's filed witness or exhibit list.**

*Id.* (emphasis in original)

1

Rather than file his Final Exhibit List when it was due, on June 15, 2026, Plaintiff filed a Motion seeking a 14-day extension of time to file his Final Exhibit List. [doc. 33.] The basis for this requested extension was "so that the parties may continue [settlement] discussions without the added pressure of an imminent exhibit list deadline." *Id.* at ¶ 3. Plaintiff admitted, at the time he filed the motion, he had not conferred with Unifin's counsel regarding the requested relief and told the Court he would "provid[e] notice of this Motion to defense counsel today, ***concurrently with its filing*** . . . and will ***promptly advise*** the Court if Defendant's position is one of opposition." *Id.* at ¶ 6 (emphasis added). Plaintiff did neither, and made significant material misrepresentations to this Honorable Court regarding the needed basis for the extension.

In fact, Plaintiff sent the motion for extension from Florida via FedEx on Saturday, June 13 at 11:44 a.m. ET/10:44 a.m. CT. Attached as **Exhibit 1** is a true and correct copy of the FedEx tracking for tracking id: 873037276840 (the FedEx tracking id associated with Plaintiff's filing per doc. 33-1) from www.fedex.com, last visited June 15, 2026. Plaintiff did not attempt to confer with Unifin's Counsel or serve the motion until 9:21 p.m. ET/8:21 p.m. CT on June 13 – 10 hours after depositing the motion with FedEx and certainly not "concurrently" with filing as claimed. Attached as **Exhibit 2** is a true and correct copy of the June 13-14, 2026 conferral emails between Plaintiff and Unifin's Counsel regarding Plaintiff's extension request. Unifin's Counsel promptly responded to Plaintiff at 2:00 p.m. ET/1:00 p.m. CT on Sunday, June 14, advising Plaintiff that Unifin was opposed to the extension and the 5 reasons for Unifin's opposition. *See id.*

At the time Plaintiff filed the motion, he was aware the parties' settlement discussions were at an impasse and Unifin had requested referral for a settlement conference with the Magistrate Judge, due to Plaintiff's behavior, unfair threats of sanctions, harassment of Unifin's counsel, and the slanderous statements made to Unifin's counsels' law partners. Plaintiff has not attempted to discuss settlement with Unifin's counsel since June 10th.

Further, Plaintiff was previously warned by this Honorable Court to comply with the Court's Local Rules and Judge Palk's Rules when filing motions, and that submitting documents on the due date by mailing the document to the Clerk does not meet the filing deadline. *See* doc. 24, fn. 2 ("Plaintiff is warned that future filings that are not timely received in the mail by the Clerk of the Court will be considered untimely and may not be considered by this Court.").

Despite being fully aware of Unifin's opposition on June 14, Plaintiff never advised the Court of the opposition, and when the motion was filed on June 15, Unifin's counsel was out of the office traveling to and from a hearing in Houston, Texas, unable to raise Plaintiff's actions with the Court prior to the Court's entry of the Order on June 16. The Court denied the motion, but Plaintiff effectively got what he wanted through a *sua sponte* extension until June 23, a decision at least partially based on Plaintiff's significant misrepresentations to this Honorable Court regarding: (1) the status of settlement negotiations, (2) when Plaintiff would provide notice to Unifin's counsel seeking to confer, and (3) plaintiff's rote failure to promptly advise the Court of Unifin's opposition.

3

On June 16, 2026, Plaintiff filed his Final Exhibit List [doc. 37], which was sent via FedEx to the Court on June 15. *See* doc. 37-1. It is clear from Plaintiff's egregious behavior and his depositing of the Final Exhibit List to FedEx on June 15 (the original due date) that Plaintiff never needed an extension of time and his motion was frivolous and brought in bad faith.

Unifin contends the Court should disallow Plaintiff's Final Exhibit List and Plaintiff's use of the exhibits listed therein based on Plaintiff's actions and bad faith when seeking and effectively obtaining an extension based on false statements and misrepresentations to the Court.

2.      Objection 2 – Plaintiff's Failure to Serve Initial Disclosures Under Rule 26(a)(1): Plaintiff's initial disclosures were due March 10, 2026. To date, Plaintiff has not served initial disclosures pursuant to Rule 26(a)(1). Where a party fails to provide information required by Rule 26(a), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because Plaintiff failed to serve initial disclosures identifying the documents Plaintiff now lists in his Final Exhibit List in response to Rule 26(a)(1)(A)(ii), Plaintiff should be excluded from using any of the exhibits listed therein.

**B.      Objections to Specific Exhibits**

To the extent the Court denies Unifin's request to exclude all exhibits set forth on Plaintiff's Final Exhibit List, Unifin asserts the following additional objections to specific exhibits on Plaintiff's Final Exhibit List:

1.      Plaintiff's Exhibit 1: Plaintiff's mobile-device screen photographs of the calls received at telephone number (405) 519-5249 on October 11, 23, and 28 and November 18, 2024.

   a.      **Objection:** Lack of foundation or authentication under Fed. R. Evid. 901.

2.      Plaintiff's Exhibit 2: StraightTalk/TracFone Wireless, Inc. official Privacy-Act "Access" records for the Subject Number (Request ID P-386660 completed May 4, 3036), including the produced Call Detail Records and Access Details.

   a.      **Objection:** Hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

3.      Plaintiff's Exhibit 3: Plaintiff's StraightTalk account records.

   a.      **Objection:** Hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

4.      Plaintiff's Exhibit 4: Plaintiff's cellular telephone monthly billing statement(s) for the Subject Number.

   a.      **Objection:** Not produced in discovery; hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

5.      Plaintiff's Exhibit 5: Unifin's redacted account notes, Bates Nos. Unifin0001 – Unifin0006.

   a.      **Objection:** None.

6.      Plaintiff's Exhibit 6: Audio recording of the October 11, 2024 call, Bates No. Unifin0007.

a.    **Objection:** None.

7.    <u>Plaintiff's Exhibit 7:</u> Audio recording of the November 18, 2024 call, Bates No. Unifin0008.

a.    **Objection:** None.

8.    <u>Plaintiff's Exhibit 8:</u> Unifin, Inc.'s Responses to Plaintiff's First Set of Discovery Requests served June 10, 2026.

a.    **Objection:** None.

9.    <u>Plaintiff's Exhibit 9:</u> DialConnection, LLC "DC Contact Center Solutions" web page (dialconnection.com/solutions/dc-contact-center).

a.    **Objection:** Irrelevant;  not produced in discovery; hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

10.    <u>Plaintiff's    Exhibit    10:</u>    DialConnection,    LLC    "Compliance Management/MobileComply"    webpage    (dialconnection.com/solutions/compliance-management-for-call-centers).

a.    **Objection:** Irrelevant;  not produced in discovery; hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

11.    <u>Plaintiff's Exhibit 11:</u> Additional DialConnection, LLC published website and blog materials, including "About DialConnection," "Our Customers," "MobileDirect," "How to Track Consent & Revocation of Consent," "Why a Reputable Cell Phone ID Service is a Must-have Asset," and related pages.

    a. **Objection:** Irrelevant;  not produced in discovery; hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

12. <u>Plaintiff's Exhibit 12:</u> Unifin, Inc.'s First Amended Initial Disclosures.

    a. **Objection:** None.

13. <u>Plaintiff's Exhibit 13:</u> Unifin, Inc.'s Initial Disclosures.

    a. **Objection:** None.

14. <u>Plaintiff's Exhibit 14:</u> Records from the Consumer Financial Protection Bureau (CFPB) Consumer Complaint Database reflecting complaints against Unifin, Inc.

    a. **Objection:** Irrelevant; unfair prejudice under Fed. R. Evid. 403; inadmissible under Fed. R. Evid. 404; not produced in discovery; hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

15. <u>Plaintiff's Exhibit 15:</u> Plaintiff's consumer complaints to the CFPB (Complaint ID 250906-23850022) and the Office of the Illinois Attorney General (File NO. 2025-CONSC-00214707) regarding Unifin's calls.

    a. **Objection:** Irrelevant; unfair prejudice under Fed. R. Evid. 403; inadmissible under Fed. R. Evid. 404; not produced in discovery; hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

16. <u>Plaintiff's Exhibit 16:</u> Plaintiff's National Do Not Call Registry registration confirmation.

a.   **Objection:** Irrelevant; not produced in discovery; hearsay under Fed. R. Evid. 802; lack of foundation or authentication under Fed. R. Evid. 901.

Discovery has not been completed. Unifin reserves the right to supplement or amend its Objections to Plaintiff's Final Exhibit List as needed.

WHEREFORE, PREMISES CONSIDERED, Defendant, Unifin, Inc., respectfully requests the Court sustain Unifin's objections to Plaintiff's exhibits, and for such other and further relief to which Unifin has shown itself justly entitled.

Respectfully Submitted,

*/s/ Whitney L. White*
Whitney L. White
TX Bar No. 24075269
*Admitted Pro Hac Vice*
SESSIONS, ISRAEL & SHARTLE, LLC
5700 Granite Pkwy., Suite 260
Plano, Texas 75024
Telephone: (214) 741-3001
Facsimile: (214) 741-3098
Email: wwhite@sessions.legal

Kerry R. Lewis (OBA #16519)
Rhodes, Hieronymus, Jones,
Tucker & Gable, PLLC
P.O. Box 21100
Tulsa, Oklahoma 74121
Telephone: (918) 582-1173
Facsimile: (918) 592-3390
Email: klewis@rhodesokla.com

*Attorneys for Defendant,*
*Unifin, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, a copy of the foregoing was served via Email

and U.S. Mail upon the following:

Cristian Ioszpe
203 Lonesome Woods Road
Tallahassee, Florida 32305
Telephone: (850) 567-3770
Email: cioszpe@gmail.com
*Plaintiff pro se*

/s/ *Whitney L. White*
Whitney L. White

9