# **<u>EXHIBIT 2</u>**

**Whitney L. White**

| | |
|---|---|
| **From:** | Whitney L. White |
| **Sent:** | Sunday, June 14, 2026 1:00 PM |
| **To:** | 'Cristian'; Kerry R. Lewis |
| **Cc:** | Team One; Emily Park |
| **Subject:** | RE: Motion for extension of time - Ioszpe v. Unifin (SIS 12194-56621) |

Mr. Ioszpe,

Unifin is opposed to the motion for extension of time to file a final exhibit list for the following reasons:

1. The basis for the extension is "so that the parties may continue [settlement] discussions without the added pressure of an imminent exhibit list deadline." The statements in your motion about the status of our settlement negotiations are misleading. As you know, our settlement negotiations are at an impasse. Continued negotiations prior to a settlement conference with the Magistrate Judge will be unproductive since ███████████████████████████ ██████ .

2. Unifin will be prejudiced by the extension request. You seek an extension through and including June 29, 2026. The parties have many deadlines coming up, including Defendant's final exhibit list due on 6/22, summary judgment and *Daubert* motions due 7/1, a settlement conference that will be scheduled some time in July, and the close of discovery/pretrial filings due on 8/3. The extension you seek is highly prejudicial to Unifin because Unifin would not receive your exhibit list prior to finalizing its own exhibit list, preparing a summary judgment motion, preparing to take your deposition, and the settlement conference. Further, it is unlikely that objections over the exhibits are resolved prior to the deadlines for pretrial materials on 8/3.

3. Your motion fails to comply with Judge Palk's Guidelines for Requesting Extensions of Scheduling Order Deadlines. *See* [*Microsoft Word - Guidelines for requesting extensions of scheduling order deadlines.docx*](#)

4. Your motion is likely to be untimely if not filed tomorrow. Judge Palk previously warned you that submitting documents on the due date by mailing the document to the Clerk does not meet the filing deadline. *See* Order on Motion to Dismiss at Doc. 24, footnote 2 ("Plaintiff is warned that future filings that are not timely received in the mail by the Clerk of the Court will be considered untimely and may not be considered by this Court."). "[D]ocuments must be filed by the applicable deadline, not submitted or mailed by the deadline." *Id.* "'[I]n the case of mailed documents, the filing date is the date on which the documents are actually received by the Clerk of the Court, not the date on which they were mailed.'" *Id.* (quoting *Baldwin v. Rounds*, CV 04-1206 MCA/KBM, 2005 WL 8163897, at *2 (D.N.M. Apr. 6, 2005)).

5. Lastly, your email at 8:22 p.m. on a Saturday seeking to confer on the motion is not an attempt in good faith to confer with counsel regarding the relief you seek. Especially since the motion appears to have been mailed for filing earlier in the day prior to your conferral attempt. Last

1

week we exchanged numerous lengthy emails back-and-forth regarding this matter. In none of those emails did you seek to confer regarding an extension. Instead, your emails were geared towards insulting me, and making baseless threats and accusations against Unifin, Kerry, and me.

Thank you

---

**From:** Cristian <cioszpe@gmail.com>
**Sent:** Saturday, June 13, 2026 8:21 PM
**To:** Kerry R. Lewis <klewis@rhodesokla.com>; Whitney L. White <wwhite@sessions.legal>
**Subject:** Motion for extension of time

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

---

Ms. White;

Please let me know if opposed.