# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CRISTIAN IOSZPE, §
§
Plaintiff, §
§
v. §    Case No. 5:25-cv-00098-SLP
§
UNIFIN, INC., §
§
Defendant. §

## DECLARATION OF DAN BEAM

I, Dan Beam, pursuant to 28 U.S.C. § 1746, declare from my personal knowledge that the following facts are true and correct:

1. I am over the age of 18 and competent to testify to the matters stated herein. I am of sound mind, have personal knowledge of the facts and matters set forth herein unless noted as based on information and belief and such are true and correct to the best of my knowledge.

2. I am the Legal Compliance Specialist at Defendant, Unifin, Inc. ("Unifin") and have been in that role since 2025. I have been employed by Unifin since 2020. Unifin is a debt collector in the business of collecting debts on behalf of its client-creditors from debtors.

3. I am duly authorized by Unifin to make the representations contained in this Declaration for and on its behalf.

4. I have access to and training on the system of record utilized by Unifin to enter and maintain account records and documentation concerning the accounts placed with

1

Unifin for collection, including the account for a third-party debtor, C.W., on which the calls at issue were placed.

5. I also have training on, and I am familiar with, the process by which Unifin receives and maintains account records, including the information received from the various creditors who place accounts with Unifin for collections; the process by which Unifin obtains TransUnion TLO results related to debtors, how that information is presented to its third-party vendors, and the process by which Unifin places calls to debtors.

6. It is, and at all relevant times has been, Unifin's regularly conducted business practice to incorporate a record of all calls placed to debtors whose accounts were placed with Unifin for collection. I have access to, training on, and experience using the system of record utilized by Unifin to enter, maintain and access the account records, and I am familiar with those records.

7. I am further competent and authorized to testify regarding Unifin's calls to Plaintiff, Cristian Ioszpe's, telephone number 405-519-5249 (hereinafter the "-5249 Number"), described below through personal knowledge of the business records maintained by Unifin as its custodian of records, including the business records attached to this Declaration.

8. The account records at issue were created, compiled, and recorded as part of regularly conducted business activity of Unifin at or near the time of the event and from information transmitted from a person with personal knowledge of said event and a business duty to report it, or from information transmitted by a person with personal knowledge of the accounts or events described within the business record. Such records

2

were created, kept, maintained, and relied upon in the ordinary course of Unifin's regularly conducted business activity.

9.    I have personally reviewed and am familiar with the account records attached to my Declaration.

10.    I have personally reviewed the documents produced by Unifin in this lawsuit and made a part of the record in this case.

11.    I have personally reviewed Unifin's discovery responses in this lawsuit.

12.    On September 13, 2024, Unifin's creditor-client placed a debt incurred by a third-party debtor, C.W., with Unifin for collection attempts. A true and correct copy of Unifin's redacted[1] Account Notes produced in discovery at Bates Nos. Unifin0001 – Unifin0005 (hereinafter the "Account Notes") is attached as **Exhibit 1**.

13.    On or about September 23, 2024, Unifin received search results from TransUnion TLO identifying the -5249 Number as associated with the third-party debtor. A true and correct copy of the redacted TransUnion TLO Results produced in discovery at Bates No. Unifin0006 is attached as **Exhibit 2**.

14.    Unifin only places calls attempting to reach debtors for whom they have open and active accounts. Unifin does not place calls to phone numbers generated randomly or sequentially.  Unifin obtained the -5249 Number from TransUnion as a good number for the debtor, C.W., and not from a random or sequential number generator. *See* Ex. 2.

---

[1] Unifin's Account Notes and TLO Results are redacted to protect confidential and proprietary financial information and personally identifying information of the third-party debtor who is not a party in this action.

3

15. Unifin attempted 9 calls to the -5249 Number between September 25, 2024 and November 21, 2024 attempting to reach the third-party debtor to collect the debt owed to Unifin's creditor-client. *See* Ex. 1. Unifin's calls are reflected in the account notes. *Id.*

16. Unifin's call attempts to the -5249 Number occurred on the following dates with call results as follows:

a. September 25, 2024, result: dead air/triple tone;

b. October 2, 2024, result: dead air/triple tone;

c. October 11, 2024, result: third party contact;

d. October 18, 2024, result: tel/# disconnected;

e. October 23, 2024, result: answering machine, no message left;

f. October 28, 2024, result: answering machine, no message left;

g. November 18, 2024, result: third party contact;

h. November 20, 2024, result: answering machine, no message left; and

i. November 21, 2024, result: answering machine, no message left.

*See* Ex. 1.

17. Unifin used calling systems supplied by Unifin's vendor, DialConnection, LLC ("DialConnection"), to place all calls to the -5249 Number.

18. The calling systems used for Unifin's calls to the -5249 Number is are DialConnection's Enterprise and MobileComply systems.

19. Unifin provides particular information to its vendor, DialConnection, to direct calls to specific phone numbers to reach specific consumers about their specific debt.

20.    Unifin does not use "spoofed" telephone numbers when placing calls. All outbound numbers used to place Unifin's calls are provisioned to Unifin by DialConnection and are solely for Unifin's use.

21.    Only 2 of Unifin's calls to the -5249 Number were answered.

22.    Unifin's first answered call to the -5249 Number occurred on October 11, 2024.  *See* Ex. 1 at Unifin0002 (*see* note entry "10/11/24 14:35 HSE Third Party Contact 4055195249); a true and correct copy of Unifin's October 11, 2024 Call Recording produced as Bates No. Unifin0007 is attached as **Exhibit 3**.  During the October 11, 2024 call, Plaintiff did not identify himself. *See* Ex. 3. Plaintiff did not tell Unifin's agent that it was calling the wrong number for the third-party debtor. *Id*. Plaintiff did not ask Unifin to stop calling. *Id*.

23.    Unifin's second answered call to the -5249 Number occurred on November 18, 2024. *See* Ex. 1 at Unifin0004 (*see* note entry "11/18/24 10:35 HSE Third Party Contact 4055195249: HE CANT HEAR ME); a true and correct copy of Unifin's November 18, 2024 Call Recording produced as Bates No. Unifin0008 is attached as **Exhibit 4**. During the November 18, 2024 call, Plaintiff did not identify himself. *See* Ex. 4. Plaintiff did not tell Unifin's agent that it was calling the wrong number for the third-party debtor. *Id*. Plaintiff did not ask Unifin to stop calling. *Id*.

24.    As a debt collector subject to the Fair Debt Collection Practices Act, Unifin is required to avoid disclosing debts to third-parties and therefore has a business and legal interest to avoid placing calls to random or sequentially generated telephone numbers because those numbers are unlikely to be associated with the consumer that Unifin is

attempting to contact. Instead, and as described above, all of Unifin's calls were targeted to and intended to reach the specific consumer associated with the account.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on June 30, 2026      `      By: _____

DAN BEAM
Legal Compliance Specialist
Unifin, Inc.

6