# EXHIBIT 7

**Whitney L. White**

| | |
|---|---|
| **From:** | Emily Park |
| **Sent:** | Thursday, March 12, 2026 2:23 PM |
| **To:** | cioszpe@gmail.com |
| **Cc:** | Kerry R. Lewis (KLewis@rhodesokla.com); Whitney L. White; Nesha Robinson; Team One |
| **Subject:** | Ioszpe, Cristian v. Unifin, Inc. (12194-56621) |
| **Attachments:** | Unifin's First Set of Discovery Requests to Plaintiff.docx; Unifin's First Set of Discovery Requests to Plaintiff.PDF |

Mr. Ioszpe,

Please find attached Unifin, Inc.'s First Set of Discovery Requests in both PDF and Word formats. A hard copy has also been mailed to you.



**SESSIONS ISRAEL & SHARTLE**
THE SESSIONS FIRM
ATTORNEYS AT LAW

5700 Granite Parkway, Suite 260
Plano, Texas 75024-6622



$0.69
US POSTAGE IMI
FIRST-CLASS
063S0014950438
FROM 70002

Cristian Ioszpe
203 Lonesome Woods Road
Tallahassee, Florida 32305

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CRISTIAN IOSZPE, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Case No. 5:25-cv-00098-SLP** |
| | § | |
| UNIFIN, INC., | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF**

Defendant, Unifin, Inc. ("Unifin"), through counsel and pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, propounds the following discovery to plaintiff, Cristian Ioszpe. The Interrogatories, Request for Production of Documents and Request for Admissions must be answered separately and fully, in writing and under oath. As required by the Federal Rules of Civil Procedure, discovery must be answered and produced within thirty (30) days after service thereof.

## I.    INSTRUCTIONS

(A)    Restate each Interrogatory, Request for Production of Documents and Request for Admissions in full immediately before your response.

(B)    In answer to these discovery requests, you shall furnish all information available to you at the time of your answers and shall supplement your answers in accordance with Fed. R. Civ. P. 26.  Plaintiff shall answer each discovery request. Combined or general answers shall be considered non-responsive unless accompanied by an express statement that the answer is full, complete, and specific as to each discovery request to which the combined or general answer is meant to be responsive.

(C)    Answer each discovery request fully, providing all information actually or constructively available to plaintiff collectively and/or individually, or any other persons or entities that plaintiff knows to possess or have access to the requested information.

1

(D)    If you fail to answer any discovery request in accordance with these instructions, specifically state the reason(s).

(E)    If you interpose any objection to any discovery request, fully state the grounds for the objection and the legal authority upon which you would rely in response to a Motion to Compel.

(F)    With respect to each document otherwise called for by this discovery, as to which you assert a claim of privilege, or the applicability of the work product doctrine, state separately the following, in addition to the information otherwise requested:

   (1)  the type of document(s);
   (2)  its date;
   (3)  the name, business address, and present position of its author(s);
   (4)  the business affiliation and position of its author(s) at the time of preparation of the document;
   (5)  the name, business address, and present position of its addressee and all other recipients of the document;
   (6)  the business affiliation and position of its addressee and all other recipients at the time of receipt of the document;
   (7)  a general description of the subject matter of the document;
   (8)  the basis of the claim of privilege; and
   (9)  the facts and law upon which you will rely in support of that contention in response to a Motion to Compel.

(G)    For every Request for Production, to the extent that a responsive "document" or any type of responsive materials of any type existed at some point in time, but no longer exists, please identify such "documents" or such responsive materials.

## II.    DEFINITIONS

(A)  The terms "you," "your," and "plaintiff" refer to the plaintiff, Christian Ioszpe, unless otherwise specified.

(B)  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(C)  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

2

(D)   The terms "identify" and "describe" mean:

(1)   when used in reference to a person: means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. his/her last known business affiliation and position.

(2)   when used in reference to a corporation: its full name, its state of incorporation, its date of incorporation, its principal place of business, and the corporation's representatives or agents with whom you have direct contact.

(3)   when used in reference to a person other than an individual or corporation: its official name, its organizational form, its address, and the person's representatives or agents with whom you have direct contact.

(4)   when used in reference to a document: means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5)   when used in reference to any communication, act, occurrence, occasion, meeting, transaction, or conduct: the event or events constituting such acts; its (their) location(s); the date and time; particular persons participating or present; and all related documents.

(6)   when used in reference to any discussion, conversation, communication, or statement: in addition to the definition of paragraph (D)(5) above, the substance of the discussion.

(7)   when used in reference to the calculation of damages: the manner in which such figure was calculated, an itemization and detailed description of each fact and incident of damage, all data and documentation supporting the figure, the person(s) so calculating those damages, and the relationship of that person of those persons to the plaintiff.

(E)   "Pertain to" or "pertaining to" shall mean commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense possible.

3

(F)   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(G)   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise); it includes any oral or written representation, promise, conversation, statement, message or transmission of information and should be construed in the broadest sense possible.

(H)   The "Complaint" means the First Amended Complaint filed in *Christian Ioszpe v. Unifin, Inc.,* Case No. 5:25-cv-00098 in the United States District Court for the Western District of Oklahoma.

(I)   The Subject Number means the telephone number 405-519-5249.

(J)   The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(K)   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(L)   The use of the singular form of any word includes the plural and vice versa.

### III.    INTERROGATORIES

1.   Identify each and every person who provided any information in connection with answers to these Interrogatories, Request for Production of Documents and Request for Admissions served contemporaneously with these Interrogatories.

2.   Identify Cristian Ioszpe.

3.   Identify by name, address and telephone number your current and past employers for the last five (5) years including dates of employment, position or job title.

4.   Identify all other lawsuits and court proceedings in which you are or were a party, including for each suit the case number, the name of the court, the style of the case, and the subject matter of the case.

5.   Describe your educational background and history, including whether or not you graduated from high school, attended any vocational-technical or trade schools, attended any college or university, and whether you graduated from any college or university and if so your degree and major.

6.   Identify by name, address and telephone number your current and past employers for the last five (5) years including dates of employment, position or job title and salary and reason for separation.

7.   Have you ever filed for protection under the U.S. Bankruptcy Code?  If so, please list the date(s) of the filing, the date(s) of the discharge, if any, the case caption, and the present case status for each case.

8.   Describe each communication that you had with Unifin, including the date, time, and substance of each communication, and any witness to the communication.

9.   Identify every person who has knowledge regarding the claims contained in the Complaint and provide a brief description of the substance of his/her knowledge.

10.  Identify any phone numbers that you have used as your personal phone number in the last 5 (five) years.  For any such number, identify the number, identify the carrier, and state whether the number is for a landline, cellphone, VOIP line, or other type of line.

11.  Identify all phone numbers that you allege Unifin dialed to contact you that form the basis of this lawsuit, as well as indicating the names, address, and service provider for each phone number.

12.  Identify any calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you that in any way relate to this lawsuit.

13.  State the amount of damages you allege to have and describe in detail how you arrived at that figure (the breakdown) as well as the factual basis for all alleged damages you sustained as a result of Unifin's conduct.

14.  Identify by name and address all physicians, doctors, psychiatrists, psychologists, social workers, or other medical or mental health care providers, you have seen pertaining to the physical, medical, or mental conditions, illnesses, stresses, injuries, limitations, or disabilities alleged in your Complaint.

15.  Identify all facts supporting your allegation in ¶ 6 of the Complaint that "On or about October 11, 2024, while Plaintiff was in Oklahoma City, Oklahoma; Defendant called Plaintiff's cell phone, 405-519-5249, from the spoofed number (405) 461-8443. Plaintiff had just obtained this new 405-area code number, which had been recycled by the telephone service provider after being disconnected from a previous subscriber."

16. Identify all facts supporting your allegation in ¶ 7 of the Complaint that "Subsequent calls from Defendant occurred on October 23, 2024 from (405) 461-8455; October 28, 2024 from (405) 461-8446; and November 18, 2024 from (405) 467-9454. These later calls reached Plaintiff in Florida but continued the pattern of spoofed 405-area code numbers."

17. Identify all facts supporting your allegation in ¶ 8 of the Complaint that "Each call was made using an automatic telephone dialing system ("ATDS"), as evidenced by a noticeable pause or delay (approximately 2-3 seconds) after Plaintiff answered before a live agent spoke, indicating the call was placed in a queue by automated equipment. The calls also lacked meaningful caller ID information, requiring Plaintiff to investigate to identify Defendant as the caller"

18. Identify all facts supporting your allegation in ¶ 13 of the Complaint that Unifin caused you "emotional distress including anxiety and frustration from the deceptive spoofing."

19. Identify with specificity all instances of damage you suffered as a result of Unifin's alleged violations of the TCPA, including the date, location, and any other material details.

20. Identify any documents, taped recordings of conversations or recordings of messages that reflect communications or attempted communications between you and Unifin.

21. Identify all applications, services, or software you used to track, report, capture, analyze, or evaluate incoming telephone calls during the period relevant to this lawsuit, including dates of use and account identifiers.

22. State whether you recorded or reported the telephone call(s) or messages that are the subject of this lawsuit through any third-party app or service (*e.g.*, CallerHQ). If so, provide: (a) the name of the app/service; (b) the date and time of the reporting; (c) the account or user ID associated with your use; and (d) whether you received any compensation, consideration, or potential right to compensation in connection with that reporting.

## IV.   REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents identified in or related to your initial disclosures made pursuant to Federal Rule of Civil Procedure 26(a).

2. Produce all documents you relied on or referred to in answering the Interrogatories, Requests for Production, and Requests for Admission served by Unifin.

3. Produce all documents that support the factual basis and amounts of all damages you claim you have suffered, including but not limited to statutory damages, actual damages, and mental or emotional damages.

4. Produce all documents that support your allegations in the Complaint.

5. Produce any documents relating to the Subject Number, including, but not limited to billing statements, call logs, payments, subscriber information, etc.

6. Produce all documents pertaining to or evidencing any communication between you and Unifin.

7. Produce all tapes or other audio recordings of any telephone messages and/or conversations between you and Unifin, which communications in any way relate to this lawsuit.

8. Produce all calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you in any way relating to this lawsuit.

9. Produce all written or recorded statements of any type in your possession or given by you to counsel, from any witness, or any individual, that in any way relates to your allegations in the Complaint.

10. Produce all statements taken by you or on your behalf from any person relating to the allegations in the Complaint.

11. Produce all documents which you expect to introduce as evidence at trial or which you intend to use at trial in any manner.

12. Produce any and all tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify for you at any trial or deposition in this lawsuit.

13. If you denied any of the Request for Admissions served contemporaneously with these requests, please produce the documents or things on which your denial was based, in whole or in part.

14. Produce all documents evidencing your use of any third-party app or service (including but not limited to CallerHQ, or similar apps or services), including but not limited to login records, screenshots, reports, notifications, or export files.

15. All documents and data reflecting any communication between you and any third-party app or service (including but not limited to CallerHQ, or similar apps or

7

services) related to the reporting, classification, logging, or evaluation of any telephone call(s) that are the subject of this lawsuit.

16. Produce all documents you, or someone on your behalf, sent to or shared with any third-party pertaining to the allegations in your Complaint or relating to this case.

17. Please produce all documents pertaining to any losses you allegedly suffered as a result of any conduct of Unifin or its employees.

18. Produce all documents that were given to, shared with, or received from, any federal or state agency pertaining to the facts alleged in your Complaint or relating to this case.

19. Produce all statements or summaries submitted by you to any third-party pertaining to the facts alleged in your Complaint or relating to this case.

20. Produce all documents evidencing or relating to your claim for mental anguish and/or emotional distress, including, but not limited to, medical records, mental health card records, charges for medical or mental health care treatment, and prescription medication taken for treatment of your mental anguish or emotional distress.

## V.   <u>REQUEST FOR ADMISSIONS</u>

Admit or deny the following:

1. Admit Unifin did not violate any provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

2. Admit that you have no knowledge of Unifin's corporate policies.

3. Admit that you have no evidence Unifin used an automated telephone dialing system.

4. Admit that you have no evidence Unifin used equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

5. Admit that you have no evidence Unifin made a call to you using an artificial or prerecorded voice.

6. Admit that you did not suffer any actual damages as a result of Unifin's conduct.

7. Admit that you did not visit an emergency room, hospital, or see a doctor as a result of Unifin's conduct.

8. Admit that you did not talk to a mental health professional as a result of Unifin's conduct.

9. Admit that you have not suffered a physical injury as a result of Unifin's conduct.

10. Admit that you have no evidence that Unifin's actions were intentional.

11. Admit that you never asked Unifin to stop calling your cell phone number.

12. Admit that you were not the subscriber of the Subject Number at all relevant times.

13. Admit that you were not the regular user of the Subject Number at all relevant times.

14. Admit that you did not pay the monthly service charges for the Subject Number at all relevant times.

15. Admit that you did not have exclusive possession of the device associated with the Subject Number at all relevant times.

16. Admit you do not know whether any person authorized to provide the Subject Number consented to calls to the Subject Number alleged in the Complaint.

17. Admit you do not know whether the Subject Number was previously associated with an individual who had a business relationship with Defendant.

18. Admit you have no personal knowledge that Unifin intended to violate the TCPA.

19. Admit you have no personal knowledge that Unifin knew the Subject Number belonged to you at all relevant times.

20. Admit you have no personal knowledge that Unifin knew any Subject Call was unlawful when made.

21. Admit you have no evidence that Unifin acted willfully or knowingly in making the Subject Calls.

Respectfully Submitted,

*/s/ Whitney L. White*
Whitney L. White
*Admitted Pro Hac Vice*
SESSIONS, ISRAEL & SHARTLE, LLC
5700 Granite Pkwy., Suite 260

9

Plano, Texas 75024
Telephone: (214) 741-3001
Facsimile: (214) 741-3098
Email: wwhite@sessions.legal

Kerry R. Lewis (OBA #16519)
Rhodes, Hieronymus, Jones,
Tucker & Gable, PLLC
P.O. Box 21100
Tulsa, Oklahoma 74121
Telephone: (918) 582-1173
Facsimile: (918) 592-3390
Email: klewis@rhodesokla.com

*Attorneys for Defendant,*
*Unifin, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, a copy of the foregoing was served via U.S.

Mail and Email upon the following:

Cristian Ioszpe
203 Lonesome Woods Road
Tallahassee, Florida 32305
Telephone: (850) 567-3770
Email: cioszpe@gmail.com
*Plaintiff pro se*

/s/ *Whitney L. White*
Whitney L. White

10