# EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

CRISTIAN IOSZPE, Plaintiff,

v.

UNIFIN, INC., Defendant.

Case No. 5:25-cv-00098-SLP

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

Plaintiff Cristian Ioszpe, appearing pro se, hereby submits the following Responses and Objections to Defendant Unifin, Inc.'s First Set of Interrogatories, Requests for Production, and Requests for Admission. These responses are provided in good faith and in accordance with the Federal Rules of Civil Procedure 33, 34, and 36.

## II. RESPONSES TO INTERROGATORIES

**INTERROGATORY 1:** Identify each and every person who provided any information in connection with answers to these Interrogatories, Request for Production of Documents and Request for Admissions served contemporaneously with these Interrogatories.

**RESPONSE:** Plaintiff, Cristian Ioszpe, provided the information for these responses. No other person provided information.

**INTERROGATORY 2:** Identify Cristian Ioszpe.

**RESPONSE:** * **Full Name**: Cristian Ioszpe.

- **Address**: 203 Lonesome Woods Road, Tallahassee, Florida 32305.

- **Employment**: Local truck driver.

**INTERROGATORY 3:** Identify by name, address and telephone number your current and past employers for the last five (5) years including dates of employment, position or job title.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, irrelevant, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) . Plaintiff's employment history has no bearing on whether Defendant violated the TCPA by placing unauthorized calls to Plaintiff's cellular telephone. Plaintiff is not seeking damages for lost wages. Subject to and without waiving these objections:

- **Current Employer**: Murray Logan Construction LLC.

- **Employer Address**: 313 65th Trail North West Palm Beach, FL 33413

- **Job Title**: Truck Driver.

- **Dates**: 04/27/2026

**INTERROGATORY 4:** Identify all other lawsuits and court proceedings in which you are or were a party, including for each suit the case number, the name of the court, the style of the case, and the subject matter of the case.

**RESPONSE:** Plaintiff objects to this Interrogatory to the extent it seeks information not proportional to the needs of the case. Subject to this objection, Plaintiff states he has only filed one other lawsuit:

- **Case Name**: *Ioszpe v. Eastern Account System of Connecticut Inc.*.

- **Case Number**: CJ-2024-8256.

- **Court**: District Court of Oklahoma County.

- **Subject Matter**: This prior suit related to the same recycled number (405-519-5249), which began receiving automated calls immediately upon acquisition.

**INTERROGATORY 5:** Describe your educational background and history, including whether or not you graduated from high school, attended any vocational-technical or trade schools, attended any college or university, and whether you graduated from any college or university and if so your degree and major.

**RESPONSE:** Plaintiff objects to this Interrogatory as irrelevant and harassing. Plaintiff's educational background has no bearing on the factual or legal issues of this case, specifically whether Defendant used an ATDS or "spoofed" numbers.

**INTERROGATORY 6:** Identify by name, address and telephone number your current and past employers for the last five (5) years including dates of employment, position or job title and salary and reason for separation.

**RESPONSE:** Plaintiff incorporates the objections stated in Response to Interrogatory No. 3. Further, a request for specific salary history is highly intrusive and irrelevant to statutory damages under the TCPA. Plaintiff declines to provide salary figures as they are irrelevant to the statutory or actual damages claimed.

**INTERROGATORY 7:** Have you ever filed for protection under the U.S. Bankruptcy Code? If so, please list the date(s) of the filing, the date(s) of the discharge, if any, the case caption, and the present case status for each case.

**RESPONSE:** Plaintiff objects to this Interrogatory as irrelevant and not proportional to the needs of the case. Subject to this objection, Plaintiff confirms he has never filed for bankruptcy.

**INTERROGATORY 8:** Describe each communication that you had with Unifin, including the date, time, and substance of each communication, and any witness to the communication.

**RESPONSE:** Plaintiff responds based on currently available information:

- **Oct 11, 2024**: Call from (405) 461-8443 to (405) 519-5249. Substance: 2–3 second "dead air" delay before a live agent spoke.

- **Oct 23, 2024**: Call from (405) 461-8455.

- **Oct 28, 2024**: Call from (405) 461-8446.

- **Nov 18, 2024**: Call from (405) 467-9454.

- **Witnesses**: None .

**INTERROGATORY 9:** Identify every person who has knowledge regarding the claims contained in the Complaint and provide a brief description of the substance of his/her knowledge.

**RESPONSE**:

- **Cristian Ioszpe (Plaintiff)**: Knowledge of dates, nature of calls, ATDS use, and resulting emotional distress.

- **Unifin, Inc. Agents (Identity unknown)**: Knowledge regarding internal policies, dialing equipment used, and call records.

**INTERROGATORY 10:** Identify any phone numbers that you have used as your personal phone number in the last 5 (five) years. For any such number, identify the number, identify the carrier, and state whether the number is for a landline, cellphone, VOIP line, or other type of line.

**RESPONSE**:

- **Android 405-519-5249 (Subject Number)**: Cellphone. Carrier: StraightTalk.

- **Iphone   850-567-3770**: Cellphone. Carrier: AT&T.

**INTERROGATORY 11:** Identify all phone numbers that you allege Unifin dialed to contact you that form the basis of this lawsuit, as well as indicating the names, address, and service provider for each phone number.

**RESPONSE:** 405-519-5249.

**INTERROGATORY 12:** Identify any calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you that in any way relate to this lawsuit.

**RESPONSE:** Android device screenshots.

**INTERROGATORY 13:** State the amount of damages you allege to have and describe in detail how you arrived at that figure (the breakdown) as well as the factual basis for all alleged damages you sustained as a result of Unifin's conduct.

**RESPONSE:**

| Damage Category | Calculation / Basis | Total Claimed |
| --- | --- | --- |
| **Statutory Damages** | $500 per violation (4 calls) | $2,000 |
| **Treble Damages** | $1,500 per willful violation (4 calls) | $6,000 |
| **Actual Damages** | Intrusion upon Seclusion/Emotional Distress | To be determined at trial |

**Factual Basis**: Unauthorized calls via an ATDS without consent. Plaintiff also seeks a permanent injunction.

**INTERROGATORY 14:** Identify by name and address all physicians, doctors, psychiatrists, psychologists, social workers, or other medical or mental health care providers, you have seen pertaining to the physical, medical, or mental conditions, illnesses, stresses, injuries, limitations, or disabilities alleged in your Complaint.

**RESPONSE:** Plaintiff objects to the geographic and temporal scope of this request as overbroad and invasive of privacy. Plaintiff's claim for emotional distress (anxiety and frustration) is based on the annoyance of the calls themselves and does not currently rely on medical treatment records.

**INTERROGATORY 15:** Identify all facts supporting your allegation in  6 of the Complaint regarding the October 11, 2024 call.

**RESPONSE:** Plaintiff obtained the Subject Number as a recycled line; calls from Defendant were for a previous subscriber. Plaintiff was physically in Oklahoma City at the time of the call from (405) 461-8443.

**INTERROGATORY 16:** Identify all facts supporting your allegation in  7 regarding subsequent calls.

**RESPONSE:** Defendant called from spoofed 405-area code numbers on Oct 23, Oct 28, and Nov 18, 2024, after Plaintiff had already obtained the recycled line.

**INTERROGATORY 17:** Identify all facts supporting your allegation in  8 of the Complaint that "Each call was made using an automatic telephone dialing system ("ATDS"), as evidenced by a noticeable pause or delay (approximately 2-3 seconds) after Plaintiff answered before a live agent spoke...".

**RESPONSE:** Plaintiff observed a 2-to-3 second "dead air" delay upon answering, indicating the call was system-initiated. The use of "spoofed" local numbers and high frequency of calls further support the use of automated dialing equipment.

**INTERROGATORY 18:** Identify all facts supporting your allegation in   13 of the Complaint that Unifin caused you "emotional distress including anxiety and frustration from the deceptive spoofing."

**RESPONSE:** The deceptive use of local area codes tricked Plaintiff into answering unwanted calls, causing frustration from repeated calls for a third party and anxiety regarding the source and intent of the communications.

**INTERROGATORY 19:** Identify with specificity all instances of damage you suffered as a result of Unifin's alleged violations of the TCPA, including the date, location, and any other material details.

**RESPONSE:** See Response to Interrogatory 8 for dates and Interrogatory 13 for damages.

**INTERROGATORY 20:** Identify any documents, taped recordings of conversations or recordings of messages that reflect communications or attempted communications between you and Unifin.

**RESPONSE:** Android screenshots . See Exhibit A

**INTERROGATORY 21:** Identify all applications, services, or software you used to track, report, capture, analyze, or evaluate incoming telephone calls during the period relevant to this lawsuit, including dates of use and account identifiers.

**RESPONSE:** Plaintiff utilized the **Truecaller** application for general spam prevention. However, this software did not identify or flag the calls from Defendant as "spam" or "telemarketer" at the

time they were received. Plaintiff did not use any other specialized software to track or analyze these specific calls.

**INTERROGATORY 22:** State whether you recorded or reported the telephone call(s) or messages through any third-party app or service (e.g., CallerHQ).

**RESPONSE:** No. Not applicable. Plaintiff has received no compensation, consideration, or potential right to compensation from any party in connection with these calls and has not recorded these calls in any way.

## III. RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST 1:** Produce all documents identified in or related to your initial disclosures made pursuant to Federal Rule of Civil Procedure 26(a).

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents identified in his initial disclosures, including call logs and screenshots from the Subject Number's device. See **Exhibit A - B**.

**REQUEST 2:** Produce all documents you relied on or referred to in answering the Interrogatories, Requests for Production, and Requests for Admission served by Unifin.

**RESPONSE:** Plaintiff will produce responsive documents consisting of call logs, screenshots, and billing statements. See **Exhibit A - C**.

**REQUEST 3:** Produce all documents that support the factual basis and amounts of all damages you claim you have suffered, including but not limited to statutory damages, actual damages, and mental or emotional damages.

**RESPONSE:** See Plaintiff's production of call logs and billing statements for the Subject Number. See **Exhibit A-C**.

**REQUEST 4:** Produce all documents that support your allegations in the Complaint.

**RESPONSE:** See Plaintiff's production of call logs, screenshots of the incoming "spoofed" numbers. See **Exhibits A-C**.

**REQUEST 5:** Produce any documents relating to the Subject Number, including, but not limited to billing statements, call logs, payments, subscriber information, etc.

**RESPONSE:** Plaintiff is producing the available billing statements, call logs, and account records from StraightTalk showing the Plaintiff as the primary account holder for the Subject Number (405-519-5249). Plaintiff states that the produced documents contain no private or sensitive personal identifying information (PII), such as Social Security Numbers, accordingly, nothing has been redacted in the documents produced.

**REQUEST 6:** Produce all documents pertaining to or evidencing any communication between you and Unifin.

**RESPONSE:** Plaintiff is producing screenshots of the call logs from the Android device used to receive the calls. No written correspondence was received from Defendant.

**REQUEST 7:** Produce all tapes or other audio recordings of any telephone messages and/or conversations between you and Unifin, which communications in any way relate to this lawsuit.

**RESPONSE:** No audio recordings exist.

**REQUEST 8:** Produce all calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you in any way relating to this lawsuit.

**RESPONSE:** See **Exhibit A**.

**REQUEST 9:** Produce all written or recorded statements of any type in your possession or given by you to counsel, from any witness, or any individual, that in any way relates to your allegations in the Complaint.

**OBJECTION:** Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine.

**RESPONSE:** Subject to and without waiving these objections, Plaintiff has no non-privileged responsive statements from third-party witnesses at this time.

**REQUEST 10:** Produce all statements taken by you or on your behalf from any person relating to the allegations in the Complaint.

**RESPONSE:** Plaintiff has not taken formal statements from third parties at this time.

**REQUEST 11:** Produce all documents which you expect to introduce as evidence at trial or which you intend to use at trial in any manner.

**RESPONSE:** Discovery is ongoing. Plaintiff will produce a final exhibit list in accordance with the Court's scheduling order. Current responsive documents are found in **Exhibits A-E**.

**REQUEST 12:** Produce any and all tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify for you at any trial or deposition in this lawsuit.

**RESPONSE:** Plaintiff has not yet retained an expert witness but will comply with expert disclosure requirements if one is retained.

**REQUEST 13:** If you denied any of the Request for Admissions served contemporaneously with these requests, please produce the documents or things on which your denial was based, in whole or in part.

**RESPONSE:** Plaintiff relies on the call logs, screenshots, and personal testimony which demonstrate the "moment of silence" and "predictive dialer lag" characteristic of an ATDS.

**REQUEST 14:** Produce all documents evidencing your use of any third-party app or service (including but not limited to CallerHQ, or similar apps or services), including but not limited to login records, screenshots, reports, notifications, or export files.

**RESPONSE:** Plaintiff has no responsive documents. While Plaintiff utilized the Truecaller application for general spam prevention, the software did not identify or flag the calls from Defendant as "spam" at the time they were received and did not generate any reports or logs for the Subject Calls.

**REQUEST 15:** All documents and data reflecting any communication between you and any third-party app or service (including but not limited to CallerHQ, or similar apps or services) related to the reporting, classification, logging, or evaluation of any telephone call(s) that are the subject of this lawsuit.

**RESPONSE:** Plaintiff has no responsive documents. Plaintiff did not communicate with any third-party service regarding the reporting or evaluation of these specific calls.

**REQUEST 16:** Produce all documents you, or someone on your behalf, sent to or shared with any third-party pertaining to the allegations in your Complaint or relating to this case.

**RESPONSE:** Plaintiff has no responsive documents.

**REQUEST 17:** Please produce all documents pertaining to any losses you allegedly suffered as a result of any conduct of Unifin or its employees.

**RESPONSE:** Plaintiff's losses include the loss of time and the nuisance/invasion of privacy documented in the call logs and phone bills produced as **Exhibits B and C**.

**REQUEST 18:** Produce all documents that were given to, shared with, or received from, any federal or state agency pertaining to the facts alleged in your Complaint or relating to this case.

**RESPONSE:** Plaintiff is producing copies of the formal complaints filed with relevant agencies (e.g., FCC, FTC, CFPB). Plaintiff does not have further correspondence in his current possession; Plaintiff will supplement this response if such records are located. See **Exhibit D.**

**REQUEST 19:** Produce all statements or summaries submitted by you to any third-party pertaining to the facts alleged in your Complaint or relating to this case.

**RESPONSE:** See Responses to Requests 16 and 18.

**REQUEST 20:** Produce all documents evidencing or relating to your claim for mental anguish and/or emotional distress, including, but not limited to, medical records, mental health card records, charges for medical or mental health care treatment, and prescription medication taken for treatment of your mental anguish or emotional distress.

**OBJECTION:** Plaintiff objects to the request for medical and mental health records as overbroad, invasive, and not proportional to the needs of the case.

**RESPONSE:** Plaintiff's claim for emotional distress (anxiety and frustration) is based on the annoyance and intrusion of the unauthorized calls themselves and does not currently rely on medical treatment records.

**IV. RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST 1:** Admit Unifin did not violate any provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.

**RESPONSE: Denied**. Defendant placed multiple unauthorized calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS") without obtaining prior express consent.

**REQUEST 2:** Admit that you have no knowledge of Unifin's corporate policies.

**RESPONSE: Denied**. While Plaintiff does not have access to Defendant's internal proprietary documents, Plaintiff has knowledge of Defendant's external-facing practices as evidenced by their repeated calling behavior and the intentional use of deceptive local "spoofing" techniques.

**REQUEST 3:** Admit that you have no evidence Unifin used an automated telephone dialing system.

**RESPONSE: Denied**. Discovery is ongoing; however, Plaintiff's evidence includes the "moment of silence" and "predictive dialer lag" (approximately 2–3 seconds) experienced upon answering the calls, which are characteristic markers of an ATDS.

**REQUEST 4:** Admit that you have no evidence Unifin used equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

**RESPONSE: Denied**. Plaintiff relies on the characteristic markers of automated dialing identified in the Response to Request No. 3 and the high frequency of calls to a recycled

number, which indicates the use of such equipment. Discovery regarding the specific technical capacities of Defendant's dialing equipment is still pending.

**REQUEST 5:** Admit that you have no evidence Unifin made a call to you using an artificial or prerecorded voice.

**RESPONSE: Admitted in part, Denied in part**. While the calls resulted in a connection to a live agent after a delay, the use of automated equipment to initiate the call and the lack of meaningful caller ID information are central to Plaintiff's claims.

**REQUEST 6:** Admit that you did not suffer any actual damages as a result of Unifin's conduct.

**RESPONSE: Denied**. Plaintiff has suffered actual damages including the loss of time, nuisance, and emotional distress consisting of anxiety and frustration. These damages arise from the invasion of privacy (intrusion upon seclusion) caused by Defendant's repeated, unauthorized, and deceptive communications.

**REQUEST 7:** Admit that you did not visit an emergency room, hospital, or see a doctor as a result of Unifin's conduct.

**RESPONSE: Admitted**. Plaintiff's claims for emotional distress and intrusion upon seclusion are based on the direct nuisance and anxiety caused by the calls and do not currently rely on medical treatment records.

**REQUEST 8:** Admit that you did not talk to a mental health professional as a result of Unifin's conduct.

**RESPONSE: Admitted**. See Response to Request No. 7.

**REQUEST 9:** Admit that you have not suffered a physical injury as a result of Unifin's conduct.

**RESPONSE: Admitted**. Plaintiff's injuries are non-physical, relating to privacy, nuisance, and emotional distress.

**REQUEST 10:** Admit that you have no evidence that Unifin's actions were intentional.

**RESPONSE: Denied**. The fact that these calls were spoofed to a local 405 area code, a practice known as "neighbor spoofing"; is undeniable proof that Unifin's actions were intentional and designed to deceive the Plaintiff into answering.

**REQUEST 11:** Admit that you never asked Unifin to stop calling your cell phone number.

**RESPONSE: Denied in part**. Under the TCPA, prior express consent is a prerequisite for placing calls via an automated telephone dialing system to a cellular telephone. Because Plaintiff never provided such consent, Defendant's conduct violated the Act from the initial communication. Furthermore, as a professional entity, Defendant had or should have had constructive notice that the number had been reassigned via the Reassigned Numbers Database (RND). The TCPA does not require a consumer to "opt-out" or manually request that calls stop for a violation to occur when no prior consent was ever granted.

**REQUEST 12:** Admit that you were not the subscriber of the Subject Number at all relevant times.

**RESPONSE: Denied**. Plaintiff is the primary account holder and the sole user of the Subject Number (405-519-5249).

**REQUEST 13:** Admit that you were not the regular user of the Subject Number at all relevant times.

**RESPONSE: Denied**. Plaintiff is the sole and regular user of the Subject Number.

**REQUEST 14:** Admit that you did not pay the monthly service charges for the Subject Number at all relevant times.

**RESPONSE: Denied**. Plaintiff is the primary account holder responsible for the service charges.

**REQUEST 15:** Admit that you did not have exclusive possession of the device associated with the Subject Number at all relevant times.

**RESPONSE: Denied**. Plaintiff has had exclusive possession and use of the **Android device** associated with the Subject Number.

**REQUEST 16:** Admit you do not know whether any person authorized to provide the Subject Number consented to calls to the Subject Number alleged in the Complaint.

**RESPONSE: Denied**. Plaintiff obtained the Subject Number as a new, recycled line and has never provided consent to Defendant to be contacted at this number. Any prior consent provided by a previous subscriber is legally irrelevant and does not extend to the Plaintiff.

**REQUEST 17:** Admit you do not know whether the Subject Number was previously associated with an individual who had a business relationship with Defendant.

**RESPONSE: Admitted in part**. Plaintiff is aware the number was recycled and that the calls were for a previous subscriber, but Plaintiff has no personal knowledge of the specific relationship between that third party and the Defendant.

**REQUEST 18:** Admit you have no personal knowledge that Unifin intended to violate the TCPA.

**RESPONSE: Denied**. See Response to Request No. 10 regarding the intentional use of "neighbor spoofing".

**REQUEST 19:** Admit you have no personal knowledge that Unifin knew the Subject Number belonged to you at all relevant times.

**RESPONSE: Denied**. Defendant's use of "neighbor spoofing" to target Plaintiff's specific area code indicates an intentional effort to reach the current user of that specific line. As a sophisticated entity, Defendant is responsible for verifying the identity of the party they are calling, via the RND or other means; before utilizing automated dialing equipment.

**REQUEST 20:** Admit you have no personal knowledge that Unifin knew any Subject Call was unlawful when made.

**RESPONSE: Denied**. As a professional debt collection entity, Defendant is charged with knowledge of the law and its obligations to ensure it has prior express consent before using an ATDS. Defendant has access to the Reassigned Numbers Database (RND) specifically to avoid such unlawful communications.

**REQUEST 21:** Admit you have no evidence that Unifin acted willfully or knowingly in making the Subject Calls.

**Denied.** Defendant's employment of "neighbor spoofing," the deliberate manipulation of Caller ID information to mimic a local exchange, is an **inherently deceptive practice** designed specifically to trick a recipient into answering a call they would otherwise ignore. The intentional use of such deceptive tactics serves as direct evidence of Defendant's state of mind and its broader intent to circumvent consumer protections.

This calculated deception, when coupled with the characteristic markers of an Automatic Telephone Dialing System (ATDS) such as "predictive dialer lag," demonstrates that Defendant willfully utilized automated technology to target the Plaintiff without consent. Furthermore, the decision to engage in these deceptive practices while failing to utilize the Reassigned Numbers Database (RND) to verify the current subscriber of the Subject Number establishes that Defendant's violations of the TCPA were both willful and knowing.

## V. VERIFICATION

I, Cristian Ioszpe, declare under penalty of perjury that the foregoing Responses to Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission are true and correct.

Executed on this 25th day of April, 2026.

Cristian Ioszpe, Plaintiff pro se

203 Lonesome Woods Road

Tallahassee, Florida 32305


## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2026, a true and correct copy of the foregoing was served via electronic mail to the following counsel of record for Defendant Unifin, Inc.:

Whitney L. White Sessions, Israel & Shartle, LLC

wwhite@sessions.legal

Kerry R. Lewis Rhodes, Hieronymus, Jones, Tucker & Gable

klewis@rhodesokla.com